IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:13-cv-07297 |
| ) | |
| DOE, subscriber assigned ) | |
| IP address 76.16.196.177 ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT DOE'S (IP ADDRESS 76.16.196.177) MEMORANDUM IN SUPPORT OF DEFENDANT'S COMBINED MOTION TO PROCEED ANONYMOUSLY AND FOR A PROTECTIVE ORDER**

Defendant, Doe, subscriber assigned IP address 76.16.196.177, by and through his attorneys, Antonelli Law Ltd., respectfully submits this Memorandum in support of Defendant's Motion, requesting this Honorable Court to permit Defendant to proceed anonymously and enter a Protective Order prohibiting any party from publicly disclosing any information relating to Defendant that Plaintiff Malibu Media, LLC ("Plaintiff") receives in response to its Rule 45 subpoena issued to Defendant's Internet Service Provider ("ISP"), and requiring any pleadings filed in this action to be redacted and filed under seal to prevent public disclosure.

I.  BACKGROUND

On October 10, 2013, Plaintiff Malibu Media, LLC filed a Complaint alleging that Defendant, identified only by IP address 76.16.196.177, infringed 25 of its copyrighted works using BitTorrent Software. [CM/ECF Doc. 1]. On October 15, 2013, this Court entered an Order

1

permitting Plaintiff to serve a Rule 45 subpoena on the Defendant's ISP to take discovery prior to a Rule 26 conference. [CM/ECF Doc. 8]. On or about October 18, 2013, Plaintiff served Defendant's ISP, Comcast, ordering Comcast to produce Defendant's personal identifying information on or before December 6, 2013. On or about October 28, 2013, Defendant's ISP provided notice indicating that they had received this subpoena, and informing Defendant that they would comply with the subpoena on December 6, 2013.

## II.     LEGAL STANDARD

Permitting a party to proceed anonymously is within the court's discretion. *K.F.P. v. Dane Cnty.*, 110 F.3d 516, 519 (7th Cir. 1997). Fed. R. Civ. P. 10 provides that the complaint shall identify the names of all of the parties to the suit. Fed. R. Civ. P. 10(a). Permitting parties to proceed anonymously is generally disfavored in the absence of exceptional circumstances. *See Doe 3 v. Elmbrook Sch. Dist.*, 658 F.3d 710, 721 (7th Cir. 2011), *vacated on other grounds* 687 F.3d 840 (7th Cir. 2012). However, "the judge has an independent duty to determine whether exceptional circumstances justify" allowing a party to proceed anonymously, in a departure from the usual method of proceeding in federal courts. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) (*citing United States v. Microsoft Corp.*, 56 F.3d 1148, 1463-64 (D.C. Cir. 1995)). Fictitious names have been allowed "when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Id.* "A party may nevertheless proceed anonymously if the harm done to him as a result of publicly disclosing his identity outweighs the likely harm that concealment of his identity would cause to the public and the opposing party." *K.F.P. v. Dane Cnty.*, 110 F.3d 516, 519 (7th Cir. 1997).

Fed. R. Civ. P. 26(c) provides that a "court, may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The moving party must demonstrate that good cause exists, in light of the relevant facts and circumstances of the case. *See Cent. States, Se. & Sw. Areas Pension Fund v. Nat'l Lumber Co.,* No. 10 C 2881, 2012 WL 2863478, at *2, (N.D.Ill. July 11, 2012) (*citing Jepson, Inc. v. Makita Elec. Works, Ltd.,* 30 F.3d 854, 858 (7th Cir.1994)).

### III. ARGUMENT

#### A. Defendant Should Be Permitted to Proceed Anonymously To Avoid Undue Prejudice

Anonymity of the Defendant in this case should be permitted to protect Defendant's privacy. The allegations in this case concern copyrighted material of highly embarrassing material, and given the uncertainty at this stage of the proceedings, there is potential that the Internet subscriber identified may not be the actual wrongdoer, and that the plaintiff will use that potential for embarrassment as leverage in getting the Doe Defendant to settle. Several judges in the Northern District of Illinois have recently ruled on this same issue. *See*, *e.g.*, *Malibu Media, LLC v. Doe*, 13-cv-02428, ECF Document #16 (N.D. Ill. July 2, 2013) (Order denying a motion to quash but granting motion to proceed anonymously); *Malibu Media, LLC v. Does 1-23*, 12-cv-09724, ECF Document #25, (N.D. Ill. June 21, 2013) (same); *Malibu Media, LLC v. John Does 1-6*, 12-cv-08903, ECF Document #25, (N.D. Ill. May 17, 2013) (same); *Malibu Media, LLC v. Doe 1 et al*, 12-cv-01493, ECF Document #10 (N.D. Ill. April 3, 2013) (same); *Malibu Media, LLC v. John Does 1-37*, 12-cv-06674, ECF Document #44 (N.D. Ill. March 14, 2013) (same); *Malibu Media, LLC v. John Does 1-62*, 12-cv-07577, ECF Document #34 (N.D. Ill. Feb. 28, 2013) (same); *AF Holdings LLC, v. John Doe*, 12-cv-04222, ECF Document #17 (N.D. Ill. Nov.

13, 2012) (same). Courts in this district have recognized that a "'disputed allegation that Doe illegally downloaded (and presumably viewed) a pornographic movie' is a sensitive and personal matter that justifies preserving defendant's anonymity." *Malibu Media, LLC v. John Does 1-21, et al.,* 12-cv-9656 (N.D. Ill. June 6, 2013) (*quoting Sunlust Pictures LLC v. Does 1-75*, 12-cv-1546, 2012 WL 3717768 (N.D. Ill. Aug. 27, 2012). Further, courts have noted the potential for embarrassment associated with these cases provides leverage to the plaintiff in negotiating settlement justifies protection of defendants' identities from public disclosure. *Id.*

Here, the circumstances pertaining to the Defendant are exceptional, while the harm to the public interest is minimal. Permitting Defendant to proceed anonymously will not prejudice the Plaintiff. Therefore, Defendant should be allowed to proceed anonymously.

### B. A Protective Order Should Be Entered to Prevent Public Disclosure of Defendant's Personal Information

A protective order prohibiting the public disclosure of confidential information relating to Defendant obtained through the Rule 45 subpoena issued to Defendant's ISP is proper because if Plaintiff were permitted to publicly present its allegations against Defendant without justification, Defendant would be subject to embarrassment, injury to Defendant's character and reputation, and potential injury to Defendant's employment. Further, even if Defendant is successful in defeating Plaintiff's claims against him and demonstrates that the claims are false, the embarrassment and reputational damage will have already occurred and cannot be undone. By entering the requested protective order, the Court can prevent these harms to Defendant, while still allowing the Plaintiff to proceed with its case. Such a protective order is appropriate in this situation, and would not prejudice the Plaintiff.

4

WHEREFORE, Defendant, subscriber assigned IP address 76.16.196.177, respectfully requests this Court grant this Motion and enter an Order allowing Defendant to appear anonymously and for issuance of a protective order prohibiting the disclosure of Defendant's information without the Court's prior authorization.

Dated: December 2, 2013

                                              Respectfully submitted,

                                  By:   /s/ Melissa Brabender
                                            Melissa Brabender
                                            Jeffrey J. Antonelli
                                            Attorneys for Defendant
                                            Antonelli Law, Ltd.
                                            100 North LaSalle Street, Suite 2400
                                            Chicago, IL 60602
                                            Telephone: (312) 201-8310
                                            E-Mail: mbrabender@antonelli-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Mary K. Schulz, Esq.
Schulz Law, P.C.
1144 E. State Street, Suite A260
Geneva, IL 60134
Tel:  (224) 535-9510
Fax:  (224) 535-9501
Email:  schulzlaw@me.com


**Via Facsimile**
Comcast Cable Communications Management LLC
a/k/a Comcast
Facsimile: (866)947-5587




By:    /s/ Melissa Brabender
      Melissa Brabender
      Jeffrey J. Antonelli
      Attorneys for Defendant
      Antonelli Law, Ltd.
      100 North LaSalle Street, Suite 2400
      Chicago, IL 60602
      Telephone: (312) 201-8310
      E-Mail: mbrabender@antonelli-law.com